Argued April 19, affirmed June 1, 1976

STATE OF OREGON, *Respondent,*

*v.*

RICHARD BRUCE EICHENBERGER, *Appellant.*

(No. 45848, CA 5253)

549 P2d 1300

*J. Marvin Kuhn,* Deputy Public Defender, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant seeks reversal of his murder conviction on the ground that a psychiatrist was permitted to testify concerning defendant's statements about the crime, even though the doctor had not advised defendant of his constitutional rights in the form prescribed by *Miranda v. Arizona,* 384 US 436, 86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974 (1966).

Defendant relies on *State v. Corbin,* 15 Or App 536, 516 P2d 1314 (1973), Sup Ct *review denied* (1974). In that case we held *Miranda* warnings required because "the psychiatrist examining the defendant *for the state* is * * * no different than any police officer when questioning a defendant." 15 Or App at 544 (emphasis supplied). We reasoned: "The defendant must be aware that the psychiatrist *is employed by his adversary* and is not primarily his healer." 15 Or App at 546 (emphasis supplied).

■ As the above quotations indicate, the *Corbin* rule is not applicable to a consensual psychiatric examination by a doctor of the defendant's choice. This is consistent with the elementary principles of our adversary system.

> "* * * [The adversary] system is undermined when a government deliberately seeks to avoid the burdens of independent investigation by compelling self-incriminating disclosures. In areas where a government cannot be said to be compelling such information, however, there is no such circumvention of the constitutionally mandated policy of adversary criminal proceedings * * *." *Garner v. United States,* 424 US 648, 96 S Ct 1178, 47 L Ed 2d 370, 378 (1976).

It follows that a defendant is no more entitled to *Miranda* warnings from his own doctor (or other investigator) than he is from his own lawyer. *Cf., State v. Phelps,* 24 Or App 329, 545 P2d 901, Sup Ct *review denied* (1976).

■ Defendant moved for an order "Directing that * * * [he] be examined at County expense by a qualified

psychiatrist." This motion was granted and defendant was committed to the Oregon State Hospital, "it appearing to the Court that said psychiatric examination can best be administered at the Oregon State Hospital." Defendant did not object to this commitment; the record implies that defense counsel encouraged it. *See, Brudos v. Cupp,* 14 Or App 277, 279-81, 512 P2d 1009, Sup Ct *review denied* (1973). The examination was conducted by Dr. Weissert, whose trial testimony is assigned as error.

Although Dr. Weissert was employed by defendant's adversary (*State v. Corbin, supra*) in the sense of being a public employe, we hold that he was, for present purposes, defendant's own doctor. Defendant requested the examination without nominating any particular doctor to conduct it. Defendant acquiesced in the commitment to the state hospital. Given that a doctor selected and paid by a defendant would not be required to give *Miranda* warnings, we fail to see any distinction here that produces a different result.

Affirmed.